Dear Mr. St. Blanc:
You have asked us for an opinion regarding the implementation of rate reductions required by Act 22 of the 2000 Regular Session. More specifically, you ask whether, as an example, the Commission may order the ABC Telephone Company to pay a portion of its tax savings received from Act 22 to the XYZ Telephone Company to offset the rate reduction that the Commission wants XYZ to make, so that a portion of ABC's tax savings would benefit the customers of XYZ.
Section 7 of Act 22 provides in part as follows:
 . . . such tax savings shall inure proportionately to the benefit of all customers of such person through a reduction in the rates of all telecommunication services provided by such person . . . (emphasis added)
Further Section 14 of Act 22 provides:
 If it is determined by the legislature or by a court of competent jurisdiction that a regulatory authority has failed to assure that one hundred percent of the tax savings experienced by a telecommunication service provider, whose rates are regulated by such authority, inures proportionately to the benefit of all classes of customers of such provider as required by Section 7 of this Act, then Sections 8 and 10 of this Act shall become effective on the first day of the second month following the month in which such determination is made.
The language of the Act actually seems quite straightforward. It appears that the Legislature intended that each telecommunications services provider who receives a rate reduction is mandated to pass that savings along directly to its own customers. There is nothing in the language that would seem to allow the payment of a rate reduction realized by one provider to another provider rather than to the end-use customers of each individual provider.
This seems particularly clear in light of the provisions of Section 14 which mandates one hundred percent of the tax savings to be passed on to the provider's customers. While the Commission is certainly able to ascertain the amount of reduction due each provider, and in fact has done so, it would be difficult, if not impossible for them to assure that these reductions are passed on as required if these payments flow through from provider to another.
The Act also contains a rather extensive explanation of legislative intent. The explanation notes that distinctions among the providers of various types of telecommunication services have become blurred. This distinction is certainly not unclear as between the providers themselves, but rather is blurred in terms of the understanding of the consumer public. Further, the Act states that it is in the best interests of Louisiana consumers of telecommunication services that the tax savings experienced by the telephone companies be passed on to consumers. It seems abundantly clear that the consumers mentioned were never intended to be competing providers of telecommunications services. To allow the payment of the rate reduction between providers would further blur the distinction and would be directly contrary to the mandates in the Act.
Furthermore, you have asked whether the payment of the rate reduction from one provider to another could constitute an unconstitutional taking of private property. It would seem that could very well be the case because there would be no way to assure that the private property, in this case, the rate reduction, would inure to the benefit of the customer of the provider.
Thus, it is our opinion that the rate reductions required by Act 22 must be passed on directly to the end user customer and cannot be used to offset a rate reduction of another telecommunications service provider.
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ Deborah H. Baer Assistant Attorney General